UNITED STATES, Appellee

v

DOMINIC L. FIOCO, Corporal, U. S. Marine Corps, Appellant

10 USCMA 198, 27 CMR 272

No. 12,239

Decided February 6, 1959

*Lieutenant Colonel Remmel H. Dudley,* USMC, argued the cause for Appellant, Accused.

*Commander Louis L. Milano,* USN, argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of committing a lewd and lascivious act upon a six-year-old girl with the intent to gratify his sexual desires, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The conviction was affirmed by the convening authority and the board of review. The Judge Advocate General of the Navy certified the following question for our consideration:

"As a matter of law, did the prosecution present sufficient evidence independent of the accused's extrajudicial confession to establish that the particular offense had probably been committed?"

In United States v Mims, 8 USCMA 316, 24 CMR 126, we reviewed some  of the recent cases relating to the rule which requires corroboration by independent evidence of the accused's extrajudicial confession of the crime charged. By a divided court we followed the relatively strict rule that the independent evidence must go to "each element of the crime alleged, save only the identity

of the perpetrator." United States v Villasenor, 6 USCMA 3, 6, 19 CMR 129. Here the record of trial shows that the accused and three other marines were with the victim's mother in her home on the night of November 20, 1957, "drinking, laughing, talking about different subjects." About 8:00 p.m. the woman told the child to bathe and go to bed. The youngster did so, but about an hour and a half later came out of the bedroom to ask for a drink of water. The mother ordered her back to bed. The accused took a glass of water to the bedroom. He apparently returned in a few moments and asked the mother if he could tell the child a "bedtime story." She answered in the affirmative. Later, during a lull in the conversation she "happened to see" that the bedroom door was closed. She went over and tried to open it. When it failed to open she gave "it a harder push and it went open." On entering the bedroom she noticed that the child's blackboard had been used to keep the door closed. The accused was at the foot of the child's bed. The front of his trousers were "unzippered" and he was going through

**199**

the "motions of putting . . . back" his penis. The youngster was in bed clothed in her panties.

The accused contends the independent evidence does not show, with probability, that he committed the particular act of fondling alleged in the specification. Whether the act alleged is an essential element of the offense charged need not detain us; in other words, we need not decide whether proof of a lewd and lascivious act different from that alleged is sufficient to support the findings of guilty. See United States v Craig, 8 USCMA 218, 24 CMR 28. The barricaded door, the accused's open trousers, and his "motions" in connection with his privates compel the conclusion that he was not telling the child an ordinary "bedtime story." See Warner v State, 202 Ind 479, 175 NE 661 (1931). In our opinion, the circumstances are sufficient to show he *probably* fondled the child and that his act was intended to satisfy his sexual desires. Other evidence shows that the child was six years of age and that the act was committed under circumstances to the discredit of the armed forces. There is, therefore, sufficient independent evidence of the probable existence of every element of the offense to corroborate the confession of the accused and to support the findings of guilty.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

While I agree generally with the concepts advanced by my associates, certain facets of this case impel a brief recitation of my views.

This offense may be committed with or without bodily contact. See United States v Brown, 3 USCMA 454, 13 CMR 10. In the case at bar, the specification under which the accused was convicted charged him with taking indecent liberties by fondling a female under sixteen years of age. The proof adduced to support the admission of the confession was circumstantial, and it was sufficient to show the commission of indecent liberties even though it is debatable whether it established the fashion of indecency with particularity. However, for purposes of corpus delicti, the evidence need only show that the offense was probably committed, and at that early stage in the course of the trial, testimony showing the precise manner in which the crime was perpetrated is not required. Here, all of the essential elements of the substantive crime were supported by competent testimony before the confession was admitted, and hence it was properly allowed in evidence. If there was doubt about the details, it was removed by the confession.