UNITED STATES, Appellee

v

RICHARD LEE COOK, Quartermaster Third Class,
U. S. Navy, Appellant

15 USCMA 436, 35 CMR 408

No. 18,306

June 25, 1965

*Lieutenant Craig F. Swoboda,* USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Charles B. Sevier,* USMC.

*Commander M. S. Ochstein,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel D. E. Holben,* USMC.

## Opinion of the Court

KILDAY, Judge:

Despite a plea of not guilty, the appellant was convicted by a Navy special court-martial of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. He was sentenced to a bad-conduct discharge, restriction to the limits of his barracks for sixty days and reduction to the pay grade of E–1. Intermediate appellate authorities approved and we granted appellant's petition to determine whether the evidence was sufficient to corroborate his confession.

It is a sound principle of law that no person shall be convicted of crime upon his uncorroborated confession, and that a court may not consider the confession or admission as evidence against him unless there is in the record other evidence, either direct or circumstantial, that the offense charged had probably been committed by someone. Paragraph 140a, Manual for Courts-Martial, United States, 1951; United States v Smith, 13 USCMA 105, 32 CMR 105, and the authorities therein collated; United States v Anderson, 14 USCMA 627, 34 CMR 407. In United States v Young, 12 USCMA 211, 213, 30 CMR 211, we stated:

"It is settled military law that, in order to sustain findings of guilty, an accused's confession must be corroborated by substantial, independent evidence tending to establish the existence of each element of the offense charged."

That is the determining standard we must apply in this case.

Upon careful review of the record of trial, we find that the evidence, *aliunde* the confession, does not reflect that the offense charged or even any lesser included offense had probably been committed by someone. The corroborating evidence in this case consisted of mere suspicion and conjecture; hardly sufficient to meet the standard set forth above. It is not enough to suspect from a particular set of facts that something nefarious is going on or that a guilty mind is indicated. Something more is needed, and while it need not spell out in detail, and with particularity, the manner in which the offense was committed (Cf. United States v Fioco, 10 USCMA 198, 27 CMR 272), yet, it must indicate the type of offense that was probably committed.

In light of the above, reversal of the conviction and dismissal of the charges are required. United States v Smith, supra.

Accordingly, the decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The charges are ordered dismissed.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review. See my opinion in United States v Smith, 13 USCMA 105, 120, 32 CMR 105.