UNITED STATES, Appellee

v

JIMMY D. HISE, Electrician's Mate, Second Class,
U. S. Navy, Appellant

20 USCMA 3, 42 CMR 195

No. 22,806

August 7, 1970

*Lieutenant Allen D. Black,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Ronald J. Bacigal,* JAGC, USNR.

*Lieutenant Thomas F. Bastow,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. His sentence to a bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of E–3 remains unchanged at this level of appeal.

The question presented by this appeal is whether the change in paragraph 140*a* (Confessions and Admissions) of the Manual for Courts-Martial, United States, 1969, that became effective on January 1 of that year (Executive Order 11430, 3 CFR, 1968 Compilation, pages 137–138), operates as an *ex post facto* law when applied to this case. Cf. United States v Griffin, 19 USCMA 348, 41 CMR 348 (1970). We believe that it does.

The 1951 Manual for Courts-Martial provided in pertinent part that:

". . . A court may not consider the confession or admission of an accused as evidence against him unless there is in the record other evidence, either direct or circumstantial, that the offense charged had probably been committed by someone." [Paragraph 140*a*, Manual, supra.]

See United States v Smith, 13 USCMA 105, 32 CMR 105 (1962); United States v Cook, 15 USCMA 436, 35 CMR 408 (1965). As this Court stated in United States v Young, 12 USCMA 211, 213, 30 CMR 211 (1961):

"It is settled military law that, in order to sustain findings of guilty, an accused's confession must be corroborated by *substantial, independent evidence tending to establish the existence of each element of the offense charged.*" [Emphasis supplied.]

By virtue of the promulgation of the 1969 Manual by the President (Article

3

36(a), Code, supra, 10 USC § 836), the current rule in this area is as follows:

"It is a general rule that a confession or admission of the accused cannot be considered as evidence against him on the question of guilt or innocence unless independent evidence, either direct or circumstantial, has been introduced which corroborates the essential facts admitted sufficiently to justify an inference of their truth." [Paragraph 140a(5), Manual, supra.]

Since the trial of this accused began on January 21, 1969, the law officer instructed the court, with reference to its consideration of the accused's pretrial confession, in accordance with the provisions of the 1969 Manual. He overruled defense counsel's objection to this instruction, the latter contending that inasmuch as the alleged offense had taken place and the accused had confessed more than three months prior to the effective date of the new Manual, the standard under the 1951 Manual should apply. Any new standard, he contended, would be an *ex post facto* application of the law. The United States Navy Court of Military Review, while holding that the law officer was correct in applying the standard for corroboration of a confession contained in the 1969 Manual, noted in passing that if the prior standard applied the "appellant's conviction of sodomy would fall. There is not sufficient independent evidence to prove that the crime was probably committed by someone."

An *ex post facto* law,[1] proscribed by Article I, section 9, of the Constitution of the United States, has been defined by the Supreme Court in Duncan v State of Missouri, 152 US 377, 382, 38 L Ed 485, 487, 14 S Ct 570 (1894), as:

". . . [O]ne which imposes a punishment *for an act which was not punishable* at the time it was com-

mitted; or an additional punishment to that then prescribed; or *changes the rules of evidence by which less or different testimony is sufficient to convict than was then required; or, in short, in relation to the offense or its consequences, alters the situation of a party, to his disadvantage* (Cummings v Missouri, 71 US 4 Wall 277 (18:356); Kring v Missouri, 107 US 221 (27:506)). . . ." [Emphasis supplied.]

In its consideration of this case, the Court of Military Review held that since the law relating to the independent evidence necessary to corroborate a confession or admission is merely a rule of evidence, the constitutional prohibition against *ex post facto* laws does not apply. This position, however, overlooks the fact that the rule of corroboration is more than a rule of admissibility. It is also a rule of the sufficiency of the evidence. But, in any event, as the Supreme Court stated in Thompson v State of Utah, 170 US 343, 352, 42 L Ed 1061, 1067, 18 S Ct 620 (1898):

". . . [I]n Hopt v Utah, 110 US 574, 590 (28:262, 269), it was said that no one had a vested right in mere modes of procedure, and that it was for the state, upon grounds of public policy, to regulate procedure at its pleasure. This court, in Duncan v Missouri, 152 US 378, 382 (38:485, 487), said that statutes regulating procedure if they leave untouched all the substantial protections with which existing law surrounds the person accused of crime, are not within the constitutional inhibition of *ex post facto* laws. But it was held in Hopt v Utah, above cited, that a statute that takes from the accused a substantial right given to him by the law in force at the time to which his guilt relates would be *ex post facto* in its nature and operation, and that legislation of that kind cannot be sustained simply be-

---

[1] ". . . [A] valid regulation promulgated by the President, in conformity with a power properly delegated to him by the Congress [Article 36(a), Uniform Code of Military Justice, 10 USC § 836], has the force of law." United States v Smith, 13 USCMA 105, 119, 32 CMR 105 (1962).

4

cause, in a general sense, it may be said to regulate procedure."

In Kring v Missouri, 107 US 221, 232, 27 L Ed 506, 510, 2 S Ct 443 (1883), the following is noted:

". . . [I]t is obvious that a law which is one of procedure may be obnoxious as an *ex post facto* law, both by the decision in *Calder* v *Bull*, 3 Dall., 386, and in *Cummings* v *Mo.*, 4 Wall, 277 (71 US, XVIII., 356), for in the former case this court held that 'Any law which alters the legal rules of evidence, and receives less or different testimony than the law requires at the time of the commission of the offense, in order to convict the offender,' is an *ex post facto* law; and in the latter, one of the reasons why the law was held to be *ex post facto* was that it changed the rule of evidence under which the party was punished."

In the case at bar, all the parties at trial and the members of the Court of Military Review are in agreement that the 1969 Manual provided a *substantial* change in the rules of evidence under which the accused was convicted. In an out-of-court hearing on a motion to dismiss for lack of speedy trial, at which defense counsel contended that the Government deliberately delayed going to trial in order to take advantage of the provisions of the new Manual, the law officer declared that, "If I believed that the government had delayed this trial for even a day for this purpose, I would not have the slightest hesitancy in granting the defense motion." And, as noted above, the Court of Military Review believed the evidence insufficient to sustain the conviction under the rule set forth in the 1951 Manual.

We hold, therefore, that since paragraph 140*a* of the 1969 Manual provides for a lesser degree of proof than was required under the 1951 Manual, which was in effect at the time the offense was committed, application of the new rule to this trial was *ex post facto*, and, hence, constitutionally prohibited. Calder v Bull, 3 Dallas 386 (U.S. 1798); Duncan v State of Missouri, Thompson v State of Utah, and Kring v Missouri, all supra. Cf. Payne v Nash, 327 F2d 197 (CA8th Cir) (1964).

Viewing the evidence in this case, *aliunde* the confession of the accused, we agree with the determination of the Court of Military Review that "[t]here is not sufficient independent evidence to prove that the crime was probably committed by someone." Paragraph 140*a*, Manual, supra, 1951. Since an accused may not be convicted upon his uncorroborated confession or admission, reversal of the conviction and dismissal of the charges are required. United States v Smith, and United States v Cook, both supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The charge and its specification are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (concurring in the result):

I concur in the result on the ground there is insufficient evidence to corroborate the accused's pretrial statement.