UNITED STATES, Appellee

v

HAROLD R. MENCHACA, Sergeant, U. S. Air Force, Appellant

No. 27,701

April 26, 1974

*Captain Philip F. O'Neill* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel James LaBar.*

*Colonel C. F. Bennett* argued the cause for Appellee, United States.

## OPINION OF THE COURT

QUINN, Judge:

Convicted of various sexual offenses upon his minor adopted daughter, the accused contends that testimony by his wife, who is the natural mother of the child, was improperly admitted against him at trial.

Disturbed at several occurrences between the accused and her 9-year-old daughter by a previous marriage, Mrs. Menchaca sought advice from a military chaplain and a military doctor. Her desire was to obtain "medical help" for the accused, "not for him to be put in jail," but as the matter evolved, the accused was charged with sexual offenses against the child. At trial, over defense objection that one spouse could not testify against the other regarding offenses of the kind charged, Mrs. Menchaca gave damaging testimony against the accused. The accused challenges the correctness of the trial judge's ruling.

In a criminal case, a defendant can prevent his spouse from testifying against him. However, the exclusionary rule is not absolute. As to offenses deemed injurious to the witness-spouse, that spouse may testify, despite objection by the accused-spouse. The general rule and the exception obtain in the military, with the primary exposition of them in the Manual for Courts-Martial. Initially, the language of the Manual provision, which included an enumeration of offenses within the exception, was construed by this Court as illustrative, not proscriptive, of misconduct that constituted injury to the witness-spouse.[1] United States v Moore, 14 USCMA 635,

---

[1] Manual for Courts-Martial, United States, 1951, paragraph 148*e*, in material part, provided as follows:

Husband and wife are competent witnesses in favor of each other. Although husband and wife are also competent witnesses against each other, the general rule is that both are entitled to a privilege prohibiting the use of one of them as a witness (sworn or unsworn) against the other. This privilege does not exist, however, when the husband or wife is the individual or one of the individuals injured by the offense with which the other spouse is charged, as in a prosecution for an assault upon one spouse by the other, for bigamy, polygamy, unlawful cohabitation, abandonment of wife or children or failure to support them, for

34 CMR 415 (1964). As a result of this "more liberal scope to the spouse-injury exception," offenses not listed in the Manual as constituting an injury to the spouse were included. United States v Massey, 15 USCMA 274, 279, 35 CMR 246, 251 (1965). *Massey,* however, challenged that approach. In that case, as here, the accused was charged with sexual acts upon the person of his 9-year-old daughter. The Court concluded that the offenses did not constitute injuries to the wife, and therefore the accused's objection at trial to testimony by the wife as to those offenses should have been sustained. *Massey* was considered by the trial judge in this case, but in accord with argument by trial counsel, he concluded that it was no longer viable because of a change in the Manual for Courts-Martial. We agree.

*Massey* was decided on the basis of the statement of the exclusionary rule in the 1951 Manual and in light of the apparent reluctance of the United States Supreme Court to enlarge the offenses within the exception as applied in the federal civilian courts. *Massey,* however, recognized that the exclusionary rule is a rule of evidence, and that rules of that kind promulgated by the President are binding upon military courts unless, as provided by Article 36, they are "contrary to or inconsistent with" the Uniform Code. See also United States v Moore, supra at 638, 34 CMR at 418; United States v Wimberley, 16 USCMA 3, 36 CMR 159 (1966).

In the present edition of the Manual, the provision setting out the husband-wife privilege was changed. For purposes of this appeal, we note only that the Manual's enumeration of offenses against a child deemed injurious to the spouse was amended to include "mistreatment of a child." Manual for Courts-Martial, United States, 1969 (Rev), paragraph 148e.

Appellate defense counsel observe that the portion of the Manual's statement of the rule and its exception in which the

addition appears has been construed by this Court to be not part of the rule, but merely a discussion of the kinds of offenses recognized in the federal civilian courts to constitute an injury to the witness-spouse. United States v Massey, supra; United States v Moore, supra. Thus, counsel perceive the Manual change to be merely discursive, and they contend that it "does not demand that the Court forego application of the doctrine of *stare decisis,*" and reject *Massey* as determinative of the appeal. The argument disregards the reason for the change.

*Massey* construed the 1951 Manual statement as adopting "the rule and exception thereto as applied in the ordinary Federal courts." 15 USCMA at 280, 35 CMR at 252. It, therefore, concluded that the enumeration of various offenses did not prescribe a different rule for the military courts. *Massey* curbed use of the enumeration to expand the offenses within the exception. Thereafter, a divided court further constricted use of the enumeration, holding in substance that it had no binding effect as a rule of evidence. United States v Rener, 17 USCMA 65, 37 CMR 329 (1967). In that case, the accused was charged with adultery and unlawful cohabitation. Unlawful cohabitation was listed in the 1951 Manual as an example of an offense injurious to the spouse, and in United States v Leach, 7 USCMA 388, 22 CMR 178 (1956), the Court had held that adultery was comparable to unlawful cohabitation and was also injurious to the spouse. *Rener* rejected both the particular holding in *Leach* and the general argument that an offense enumerated in the Manual as one within the class of wrongs injurious to the spouse was, by the enumeration, within the exception to the exclusionary rule. Subsequent to *Rener,* the 1951 Manual was replaced by the present Manual. The text of paragraph 148e was changed to include child abuse offenses as offenses injurious to the spouse. The reason for the change appears in Department of the Army

---

using or transporting the wife for "white slave" or other immoral purposes, or for forgery by one spouse of the signature of the other to a writing

when the writing would, if genuine, apparently operate to the prejudice of such other.

Pamphlet 27-2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Rev) at 27–32:

Although the Court of Military Appeals, in *United States v Massey,* 15 USCMA 274, 35 CMR 246 (1965), held that an offense against the child of the witness-spouse was not an injury against her and therefore that she could not even voluntarily testify against her husband over his objection, the effect of this case is not compatible with the needs of the military service, in which, especially overseas, large groups of military personnel and their dependents live in closely knit communities. In these communities and generally in military life, child beating and child molestation by parents cannot be tolerated and certainly should not be facilitated by a rule of evidence prescribed in the Manual. The marital privilege has no constitutional source and is merely a rule of public policy, particular attempted applications of which should succumb to greater public policy operating in the opposite direction. The case of *United States v Rener,* 17 USCMA 65, 37 CMR 329 (1967), in which it was held that because of the husband's assertion of the privilege the wife should not have been permitted even voluntarily to testify against him in a prosecution for adultery and unlawful cohabitation, also has not been followed, for the wife is injured by these offenses which are obviously directly deleterious to the marital relationship. Wigmore, § 2239, at 249.

Appellate defense counsel acknowledge that the Analysis demonstrates that the Manual change expresses a "determination" on the part of the draftsmen "not to follow" *Massey* and *Rener.* The explicit purpose of the 1969 revised edition is to deny the right to prevent a witness-spouse from testifying against the accused-spouse when the offense is "mistreatment of a child" of the witness-spouse. Consequently, whether *Rener* correctly construed the 1951 provision is beside the point. Whatever the Manual intention as to the other offenses it lists as within the exception, the offenses in issue are directed to be treated as wrongs to the spouse excepted from the exclusionary rule, without regard to what the rule might be in the federal civilian courts.

Military rules of evidence often parallel the rules in the federal courts, but differences exist, and under the Uniform Code are allowable. Article 36, Uniform Code of Military Justice, 10 USC § 836; see United States v Jordan, 20 USCMA 614, 44 CMR 44 (1971); United States v Hise, 20 USCMA 3, 42 CMR 195 (1970); United States v Wimberley, supra. Actually, the present Manual provision as to the offenses in issue is consistent with rule 505 of the rules of evidence for federal district courts proposed by the United States Supreme Court and transmitted to Congress for adoption. Those rules have not yet been enacted into law, but whether they are eventually adopted is immaterial. The Manual change leaves no doubt that as to the offenses charged the accused could not bar the testimony of his wife. We conclude, therefore, that the trial judge correctly overruled the defense objection to Mrs. Menchaca's testimony.

The decision of the Court of Military Review is affirmed.

Chief Judge DUNCAN and Senior Judge FERGUSON concur.