THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR HAMELIN, Defendant-Appellant.

First District (3rd Division)    No. 78-1028

Opinion filed August 15, 1979.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago (Hall Triplett, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant Arthur Hamelin, age 24, was charged with indecent liberties with a child, contributing to the sexual delinquency of a child, and deviate sexual assault. A jury found him guilty of the indecent-liberties and sexual-delinquency charges, but not guilty of the deviate-sexual-assault charge. (Ill. Rev. Stat. 1977, ch. 38, pars. 11—4, 11—5, 11—3.) Judgment was entered on the indecent-liberties verdict and he was sentenced to a term of 4-6 years. The judge did not enter judgment on the sexual-delinquency verdict because the crime merged into the greater crime of indecent liberties.

Defendant contends: (1) the State did not prove him guilty beyond a reasonable doubt; (2) the judge improperly restricted his cross-examination of the victim; (3) the verdicts are vague and ambiguous; and (4) the judgment on the indecent-liberties verdict should be reversed, and he should have instead been sentenced on the sexual-delinquency conviction. We affirm.

On March 20, 1976, defendant called the victim's house to talk to her sister, whom he was dating. Discovering that the sister was not home, he nevertheless went to the house. He asked the victim, who was 14 years old, to take him to where her sister and mother were shopping. She complied. The victim stayed in the car while the defendant went inside. After talking to the sister and mother, he returned to the car and drove the victim to the forest preserve. After stopping, she testified that he took out a knife and ordered her to take off her clothes. While she was undressing,

he pulled off part of her brassiere. He then told her to get in the back sear of the car, threatening to "cut her up and throw her in the canal" if she did not obey. Acts of fellatio and anal intercourse were then committed. Also, cunnilingus was performed while the victim was lying on two throw rugs owned by the defendant. After the various acts were completed, the defendant told her not to tell anyone, or her sister would receive the same treatment. Defendant then drove the victim home. She ran out of the car, disheveled and crying. Members of the victim's family later returned to the scene of the incident, and saw the rugs on the ground. The victim gave written statements to the police on March 20, 1976, and March 21, 1976.

■■ Defendant contends that the evidence was insufficient to prove him guilty beyond a reasonable doubt. He argues that the victim's testimony was not substantially corroborated or otherwise clear and convincing. (See *People v. Kolden*, 25 Ill. 2d 327, 329, 185 N.E.2d 170, 171 (1962); *People v. Morgan*, 44 Ill. App. 3d 730, 733, 358 N.E.2d 909, 911 (1976).) However, the victim's prompt complaint to her family and police, her torn brassiere, her disheveled appearance and tearful behavior after leaving defendant's car, and the defendant's throw rugs found at the scene of the incident are all factors which substantially corroborate the victim's testimony and demonstrate that it was clear and convincing. (See generally *People v. Thompson*, 57 Ill. App. 3d 134, 139-41, 372 N.E.2d 1052, 1057, 1058 (1978).) Any shortcoming in the victim's testimony merely went to her credibility as determined by the jury. (*People v. Leverson*, 69 Ill. App. 3d 726, 731, 387 N.E.2d 931, 935 (1979).) The defendant's argument is, therefore, without merit.

Defendant's next contention is that the judge improperly restricted his cross-examination of the victim. Specifically, on direct examination, the victim testified that the defendant told her not to tell anyone about the occurrence; on cross-examination, the defendant wanted to show that the victim's written statement to the police on March 20, 1976, did not recite that the defendant had ordered her not to tell anyone about the occurrence. As a foundation for the impeachment by omission, the judge required defense counsel to inquire whether, at the time, the witness "understood" she was to write down "all the important conversations" in the written statement. The witness answered "No" to the question. Defendant complains that he should not have been required to ask the witness the foundation question.

■■■ In order to impeach a witness by omission, it must be material and the proper foundation must be laid. (*People v. Henry*, 47 Ill. 2d 312, 320-21, 265 N.E.2d 876, 882 (1970); *People v. Brown*, 47 Ill. App. 3d 920, 928-29, 365 N.E.2d 514, 521 (1977).) In the instant case, we believe that the judge properly required defense counsel, for the purpose of establishing a proper foundation, to ask the witness whether she understood that she

was to write down all important conversations. Furthermore, even if there was error regarding the impeachment by omission, it is not grounds for reversal since it did not result in manifest prejudice to the defendant. See *People v. Brown,* 47 Ill. App. 3d 920, 929, 365 N.E.2d 514, 521 (1977); *People v. Burchette,* 4 Ill. App. 3d 734, 737, 281 N.E.2d 773, 775 (1972).

■■■ Defendant also contends that the two guilty verdicts are vague and ambiguous because neither the issue instructions nor the verdicts recite the specific acts the defendant is alleged to have performed. The defendant's argument is untenable, because the issue instruction and verdict form for sexual delinquency were tendered by the defendant, and the issue instruction and verdict form for indecent liberties were not objected to at trial by the defendant. A defendant cannot allege as error on appeal that which he actively sought at trial. (*People v. Reed,* 51 Ill. App. 3d 479, 482, 366 N.E.2d 1137, 1139-40 (1977).) Nor can a defendant claim that giving an instruction or verdict form constitutes prejudicial error if he did not object at trial. (*People v. Jones,* 60 Ill. 2d 300, 310, 325 N.E.2d 601, 606 (1975); *People v. Mallett,* 45 Ill. 2d 388, 397, 259 N.E.2d 241, 246 (1970); *People v. Fink,* 59 Ill. App. 3d 51, 55, 374 N.E.2d 1311, 1314 (1978).) The defendant's contention has, therefore, been waived. Furthermore, we do not believe the interests of justice warrant the application of Supreme Court Rule 451(c) in this case. *People v. Utinans,* 55 Ill. App. 3d 306, 319, 370 N.E.2d 1080, 1089 (1977).

■■■ Defendant next contends that the judgment entered on the indecent liberties verdict should be reversed because the statutory provisions involved here unconstitutionally permit different sentences for the same criminal conduct. Defendant argues that since the elements of indecent liberties and sexual delinquency are identical as applied to him under the circumstances of this case, the result reached here is unconstitutional because the former is punishable as a felony whereas the latter is punishable as a misdemeanor. We disagree. So long as overlapping criminal provisions in the same or separate statutes clearly define the conduct prohibited and the punishment authorized, they are not unconstitutional even though they prescribe different penalties. (*United States v. Batchelder,* 47 U.S.L.W. 4611, 4614 (June 5, 1979); *accord, People v. Keegan,* 52 Ill. 2d 147, 286 N.E.2d 345 (1971).) In *Keegan,* the court expressly stated that if the conviction for which a defendant is prosecuted constitutes a misdemeanor under one statute and a felony under another, there is no error in convicting and sentencing him under the felony charge. (52 Ill. 2d 147, 153, 286 N.E.2d 345, 348.) The defendant's argument is, therefore, without merit.

Defendant further argues that even if these statutory provisions are constitutional as applied to him, he should nevertheless have been sentenced on the sexual delinquency rather than the indecent liberties

conviction because of the facts in this case. Defendant relies upon *People v. Plewka*, 27 Ill. App. 3d 553, 327 N.E.2d 457 (1975). In *Plewka*, the court reduced a conviction from indecent liberties to sexual delinquency because of extenuating facts and circumstances. We do not find the *Plewka* case applicable to the facts and circumstances in the present case. Here, the judge properly sentenced the defendant on the greater rather than the lesser offense. See *People v. Kellas*, 72 Ill. App. 3d 445, 455-56, 389 N.E.2d 1382, 391 (1979).

The judgment is accordingly affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.