THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUSTIN WAYNE BROWN, Defendant-Appellant.

First District (5th Division)    No. 80-608

Opinion filed December 5, 1980.

Michael Robert Kien, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Adam N. Stillo, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a jury trial, defendant was convicted of attempt murder and sentenced to not less than 5 nor more than 25 years. On appeal, he contends he was denied a fair trial because the trial court limited his cross-examination of State's witnesses.

Defendant makes no contention that guilt was not established beyond a reasonable doubt and, accordingly, only the evidence pertinent to the issues raised will be set forth. David Binns testified that he was in his car and about to exit a parking lot when defendant, accompanied by an unknown male passenger, drove into the lot and parked. Binns recognized defendant (a prior acquaintance) and his automobile (a two-tone brown Cadillac). The unknown man remained in the Cadillac as defendant walked to the car belonging to Binns and said, "something about 'you owe money' or something like that." Binns could not hear what else was said because of the loud volume of his car radio and, as he lowered the volume, he was struck by a shotgun blast in the left arm by defendant's unknown companion.[1] He started to drive away, and a second blast struck him in the head and eyes. Binns also stated that he did not and never had owed any money to defendant.

A passing motorist, John Rudolph, testified that he observed two men (whom he could not identify) standing next to a car in the parking lot and saw one of the men pull a weapon from under his coat and fire it into an automobile, after which the other man went to a brown Cadillac in the parking lot. He then heard a second shot fired as the victim was driving away—following which the armed man returned to the Cadillac. It appears that Binns was taken by a police vehicle to the Mount Sinai emergency room. Later, the police brought defendant to the hospital, and Binns identified him as one of his assailants.

Police Officer Ducar testified that he had a conversation with Binns at the hospital and that Binns did not tell him that two men had been involved in the shooting. He said, however, that Binns appeared to be in great pain and that the conversation was not completed because a physician asked that it be terminated.

Alberta Walker (a waitress at a restaurant near the scene of the shooting) and James Searcy (owner of that restaurant) testified for defendant, essentially that he was in the restaurant at the time of the alleged shooting.

---

[1] Binns admitted that he initially told the police that defendant had shot him.

OPINION

Defendant essentially contends that in erroneously restricting the cross-examination of State's witnesses, the court deprived his counsel "the latitude to impeach complainant's identification." Initially, we note that the latitude to be afforded in the cross-examination of witnesses rests largely in the trial court's discretion and, absent a showing of abuse of that discretion, its determination will not be disturbed on appeal. *People v. Blakes* (1976), 63 Ill. 2d 354, 348 N.E.2d 170; *People v. Bristow* (1980), 80 Ill. App. 3d 535, 400 N.E.2d 511; *People v. Baker* (1979), 78 Ill. App. 3d 411, 396 N.E.2d 1174.

Defendant first argues that his cross-examination of Binns as to a conversation he had with police officers at the scene of the occurrence was unduly limited. On direct examination, Binns testified that he was unable to hear the first part of what defendant had said when he approached Binns' car in the parking lot, but he did hear the latter part when defendant said, "something about 'you owe money' or something like that." On cross-examination, an objection was sustained when defendant attempted to impeach Binns on the basis of a police report stating that an "unknown conversation" had taken place between Binns and his assailant. It is the position of defendant that the statement in the report was inconsistent with Binns' testimony and that the court erroneously denied its use for impeachment.

■■ As stated in *People v. Thomas* (1979), 72 Ill. App. 3d 186, 198, 389 N.E.2d 1330, 1339:

> "Cross-examination as to prior inconsistent statements is a well-established form of impeachment. However, as a threshold consideration, the inconsistency must be substantial and relate to a material and not a collateral or irrelevant matter. (*People v. Dascola* (1926), 322 Ill. 473, 153 N.E. 710.) The test to be applied is whether the inconsistent statement has a reasonable tendency to discredit the direct testimony on a material matter. (*People v. Rainford* (1965), 58 Ill. App. 2d 312, 320-21, 208 N.E.2d 314, 318-19; McCormick, Evidence, ch. 5, §34, at 64 (1954)). Furthermore, a witness is not discredited by a slight variance between his testimony and prior statements, absent a material inconsistency or contradiction. *People v. Boyd* (1974), 22 Ill. App. 3d 1010, 318 N.E.2d 212."

■■ Here, we reject defendant's contention that the trial court erred in not allowing impeachment of Binns by a purported statement in a police report that he had "an unknown conversation" with defendant. The report itself is not included in the record, and the only reference to it appears in a side bar conference between the court and the attorneys, in which defense counsel in support of his argument that the statement was

material and inconsistent, stated, "All I am saying is that this man takes the stand and says he didn't know but pieces of the conversation. The police officer didn't say anything about any conversation other than it was unknown. He takes the stand today and expects us to believe that it was argument about me." No offer of proof was made by defendant as to the actual content of the police report or that the maker would testify such a statement was in fact made by Binns. Moreover, there is nothing to indicate that the report contained the recording of any specific language used by Binns, and it appears that the phrase could have been merely the understanding or conclusion of the maker as to what Binns said. In view thereof, we are of the belief that the record does not establish that such a statement was made to the police by Binns and, on that basis, the trial court properly denied its use for impeachment. Assuming, however, that Binns did inform an officer that he had "an unknown conversation" with his assailant, we consider it not to be substantially inconsistent with his trial testimony that he was unable to hear the first portion of what defendant had said but did hear the latter part, which was "something about 'you owe money' or something like that." The difference between his testimony and the purported statement to the police lies in the reference to money being owed, which was denied by Binns and, at most, has only slight inconsistency. Furthermore, whether or not money was owed has little, if any, materiality to the issues involved.

■■ Secondly, defendant contends that the court improperly limited cross-examination of Binns relating to his conversation with hospital personnel. The following colloquy took place during this cross-examination:

"Q. You had conversations, did you not, with hospital personnel?
A. Not to my knowledge, sir.
Q. Did you talk to any doctor that you recall?
A. Not to my knowledge.
Q. Did you talk to any nurse?
A. Not to my knowledge, sir.
Q. Do you recall having told a doctor or a nurse that you were shot by an unknown man?"

The State objected to the final question and, in a side bar discussion, the trial court indicated his belief that such a statement, even if made, was not inconsistent with Binns' testimony on direct examination that he was shot by the second man, who was unknown to him. Defense counsel then withdrew the question, but he now argues that the court erroneously restricted his cross-examination. We see no merit in this argument, primarily because the question was withdrawn before the court passed upon the objection thereto, and it is axiomatic that error may not be ascribed where the trial court has made no ruling. Thus, by his with-

drawal, defendant has waived consideration of this issue on appeal. Furthermore, it is clear that the question called for Binns to repeat his answers to the prior questions that he did not recall talking to a doctor or nurses. Where questions asked on cross-examination seek a repetition of testimony already given, a trial court does not abuse its discretion by refusing to permit such repetition. See *People v. Hardy* (1979), 70 Ill. App. 3d 351, 387 N.E.2d 1042; *People v. Meeks* (1973), 11 Ill. App. 3d 973, 297 N.E.2d 705, *cert. denied* (1974), 418 U.S. 905, 41 L. Ed. 2d 1153, 94 S. Ct. 3196.

Third, defendant urges he should have been allowed to cross-examine Binns concerning his failure to tell police at the hospital that two men were involved in the shooting. We disagree.

A witness' failure to state a particular fact under circumstances rendering it incumbent upon him to (or likely that he would) state such a fact, may be shown to discredit his testimony as to such fact (*People v. Brown* (1977), 47 Ill. App. 3d 920, 365 N.E.2d 514); however, in order to impeach a witness by omission, there must be materiality and a proper foundation should be laid (*People v. Hamelin* (1979), 75 Ill. App. 3d 445, 394 N.E.2d 566) and, in any event, an improper refusal to allow such impeachment does not mandate reversal unless defendant is manifestly prejudiced (*Hamelin; People v. Burchette* (1972), 4 Ill. App. 3d 734, 281 N.E.2d 773).

Here, during cross-examination of Binns, the trial court sustained objections to attempts by defendant to cross-examine him on the basis that he did not inform the police during conversation at the hospital that two men had been involved in the shooting. Binns had testified that he could not remember what questions were asked of him by police officers at the hospital, since he was in great pain at that time—which is substantiated by the fact that he eventually lost his eyesight and has impairment of the use of his arm. We note also that investigator Ducar, the only police officer testifying to any conversation with Binns at the hospital, stated that he had to obtain permission from a physician to question Binns and that their conversation was not completed because it was terminated by the physician. Even assuming the foundation was adequate (which we do not find), in view of the physical condition of Binns at the time and the fact that the conversation was not completed, we cannot say that it was incumbent upon Binns to have apprised the officers that two persons were involved in the occurrence. Moreover, this restriction of cross-examination did not result in manifest prejudice to defendant, since testimony was subsequently elicited from investigator Ducar that Binns had failed to inform him that two men were involved in the occurrence.

In the light of the foregoing, we see no abuse of discretion in restricting cross-examination of State's witnesses and, accordingly, we affirm the judgment.

Affirmed.

LORENZ and WILSON, JJ., concur.