**UNITED STATES, Appellee,**

v.

**Specialist Four Kerwin R. BROOKS, SSN 126–48–4267, United States Army, Appellant.**

**CM 438933.**

U.S. Army Court of Military Review.

7 Oct. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Robert C. Rhodes, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for the appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

MOUNTS, Senior Judge:

The appellant was tried in 1979 by a general court-martial with members. He was found guilty, in accordance with his pleas, of the use of marijuana and, contrary to his pleas, of rape, in violation of Articles 134 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 920 (1976), respectively. The appellant was sentenced to

a dishonorable discharge, confinement at hard labor for ten years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved the findings and sentence. This Court affirmed the findings of guilty and the sentence.

The Court of Military Appeals granted review to consider whether the military judge erred in refusing to give a defense-requested instruction on reasonable doubt. In 1981, the Court reversed the rape conviction holding that the instructions on reasonable doubt were prejudicial. *United States v. Brooks*, 11 M.J. 420 (C.M.A.1981). A rehearing was authorized and the appellant was retried during the period of 8–11 February 1982. At the rehearing, the appellant was found guilty, contrary to his plea, of rape. The conviction for use of marijuana was considered for sentencing purposes. The appellant was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. The convening authority approved only so much of the sentence as provides for a dishonorable discharge, "forfeiture of $367.00 pay per month until the discharge is approved," and reduction to the grade of Private E–1, but "suspended the forfeitures in excess of $120.00 pay per month until the sentence is ordered executed." [1]

At the rehearing the military judge denied the defense's motion that it be permitted to cross-examine the victim concerning her sexual activities with persons other than the appellant prior to the charged rape. The military judge ruled that such evidence was barred by Military Rule of Evidence 412,[2] the so-called "rape-shield" provision, and that in any event the evidence was not relevant since there was no showing that the accused was aware of any of these activities by the victim. The military judge also ruled, over defense objection, that the government could present a portion of a female witness' testimony in rebuttal concerning her encounter with the appellant before the rape.

■ The appellant contends that both of the above rulings were in error. We see no merit in the appellant's argument concerning the female witness' testimony and find that such evidence was properly admitted. The ruling concerning Rule 412, however, presents an issue which warrants further discussion.

Rule 412 was promulgated after the original trial and before the rehearing in this case.[3] The appellant asserts that under these circumstances the use of Rule 412 was *ex post facto* in its application at the rehearing.

■ Generally, a change in procedure as opposed to a change affecting a substantial right will not violate the *ex post facto* provision of the Constitution. *United States v. Hise*, 20 U.S.C.M.A. 3, 42 C.M.R. 195 (1970); Annot., 53 L.Ed.2d 1146, 1154 (1978). For example, the Supreme Court reviewed a statute which changed the procedure by which the death penalty was adjudged in Florida in *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). The petitioner argued that his sentence to death under procedures enacted after he committed his crime was an *ex post facto* application of the law. The Court held that the *ex post facto* prohibition had not been breached because the statutory change was merely procedural. *Id.* at 292, 97 S.Ct. at 2297.

The Court further noted that

> (a) Notwithstanding any other provision of these rules or this Manual, in a case in which a person is accused of a nonconsensual sexual offense, reputation or opinion evidence of the past sexual behavior of an alleged victim of such nonconsensual sexual offense is not admissible.

---

1. The convening authority's action pertaining to forfeitures is ambiguous. As the application of the forfeitures has been deferred until the sentence is ordered executed, we will resolve the confusion by not affirming the forfeiture portion of the sentence. *See United States v. Hancock*, 7 M.J. 857 (A.C.M.R.1979).

2. Rule 412(a) provides:

3. Rule 412 became effective on 1 September 1980.

586

"[t]he inhibition upon the passage of *ex post facto* laws does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed." *Gibson v. Mississippi,* 162 U.S. 565, 590 [16 S.Ct. 904, 910, 40 L.Ed. 1075] (1896). "[T]he constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation, *see Malloy v. South Carolina,* 237 U.S. 180, 183, 35 S.Ct. 507, 508, 59 L.Ed. 905 [(1915)], and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance." *Beazell v. Ohio,* [269 U.S. 167, 171, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925)].

Even though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto.*

*Id.* at 293, 97 S.Ct. at 2298.

■ The use of Rule 412 in this case was procedural in nature and did not change any of the appellant's substantive rights. Its application did not affect the crime, the punishment, or the degree of proof necessary to establish the appellant's guilt. We hold that the application of Rule 412 in this case was not an *ex post facto* violation of any of the appellant's substantive or Constitutional rights. *Turley v. State,* 356 So.2d 1238 (Ala.Ct.App.1978); *People v. Dorff,* 77 Ill.App.3d 882, 33 Ill.Dec. 300, 396 N.E.2d 827 (1979); *Finney v. State,* 179 Ind.App. 316, 385 N.E.2d 477 (1979); Annot., 1 A.L. R.4th 283, 301–304 (1980).

■ In addition, we hold that the military judge properly ruled under Rule 412 that the sexual behavior of the victim before the rape was not admissible. There was no showing that the appellant was aware of any such behavior and the evidence lacked sufficient relevance or probative value to merit admission. *United States v. Hollimon,* 16 M.J. 164 (C.M.A.1983).

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a dishonorable discharge and reduction to the grade of Private E–1.

Judge YAWN and Judge WERNER concur.