Louis L. Friedman, J.
This is an application for a certificate of reasonable doubt. No affidavit in opposition has been submitted by the People and the assistant district attorney who appeared at the time of the argument of the motion stated that no affidavit would be submitted but that the application was to be determined on the basis of the papers submitted by the moving party.
The defendant was originally charged in an indictment with various crimes but the trial finally proceeded as to only one count of said indictment, to wit, impairing the morals of a minor. The minor was a boy 10 years of age and the court, before swearing him as a witness, made the usual inquiry to determine whether this boy should or should not be sworn. Following such inquiry, the court ruled that he should not be sworn but permitted a statement to be taken from him. While this boy was on the witness stand, and during the course of his said statement, the court then reversed its prior determination and swore the boy as a witness, stating: “ You solemnly swear that all the story that you have told to this Court and jury, from the beginning to end was the truth, the absolute truth, and nothing but the truth.” Such latter swearing could not have changed the prior statement into sworn testimony. Thereafter additional testimony was taken after which time the court again changed his position and advised the jury that the witness *733 was being unsworn and that they were to consider everything that the witness said as being merely a statement. The moving papers do not indicate how long the jury deliberated but upon the argument the court was advised that they were in deliberation for many hours before they returned to the courtroom stating that they could not agree. Thereupon the court advised the jury as follows: “ You have had this case since 12:00 exclusive of lunch. I do not know of a simpler issue than that I have presented to you. This case has cost the State a great deal of time, energy and money; and I can see no reason why there should not be a decision in this case, as simple as this, especially when I had reduced it to the lowest degree of the crime with which this defendant is charged * * *. You take this case and see whether you can come back with a verdict, otherwise I will send for you at 7:00 and if you cannot agree I will send you to dinner and if then you cannot agree, I will make arrangements to keep you in a hotel. Take the case.” Thereupon the jury again retired at 6:40 p.m., and returned 27 minutes later with a verdict of guilty.
Petitioner was thereupon sentenced to serve a term of one year in the City Penitentiary and the notice of appeal from the judgment of conviction has been duly served and filed.
The petitioner has now been in jail for two weeks. He is 65 years old and prior to his arrest and conviction was in business as a shoemaker at a shoe repair shop where he has been in business for five years. His record shows that although he was in some difficulty with the law over 40 years ago, when he was a young man, his conduct since that time has been above reproach.
Our courts have held that a child under 12 years of age is presumed incompetent to be sworn as a witness (People v. Klein, 266 N. Y. 188; Olshansky v. Prensky, 185 App. Div. 469). The minutes of the full trial were not presented to the court, but it was stated upon the argument that the sole testimony in behalf of the People was that of this unsworn-sworn-unsworn minor, a second minor who was one year older and a police officer. It has heretofore been held that children are capable of fabrication inconceivable to the adult mind (People v. Donohue, 114 App. Div. 830). In State v. Michael (37 W. Va. 565, 569) the court said: “It is far better that human justice should fail, and the guilty be left to the infallible justice of God, than that an innocent person should have his life destroyed, or be subjected to lasting torture and ignominy, by reason of the admission by a court of justice of an incompetent and wholly irresponsible witness.”
*734 In People v. George (256 App. Div. 809) where the defendant was convicted upon the testimony of two children, one eight and one-half years old and the other seven years old, the Appellate Division reversed the judgment of conviction and dismissed the information on the ground that defendant’s guilt was not established beyond a reasonable doubt. The law is clear that no person may be convicted upon the testimony of a child under 12 years of age whether sworn or unsworn, unless corroborated by other evidence (People v. Churgin, 261 N. Y. 661; Code Crim. Pro., § 392; People ex rel. Rao v. Warden, 170 Misc. 834).
The court feels that the record, as indicated, presents various questions for appellate review and that the defendant should be released on bail until the Appellate Division has had an opportunity to so review the judgment of conviction. The matter to be reviewed does not only revolve around the propriety of first refusing to swear, then swearing, and then unswearing the witness, but, in addition, the question of whether the jury was unduly influenced by the statement made by the court to them after they had announced that they could not agree and following which statement they arrived at a guilty verdict within 27 minutes. Since it is apparent that if this certificate be not granted, the defendant will have served a substantial portion of the term of imprisonment imposed upon him, the court is constrained to certify and does hereby certify that in the opinion of said court there is reasonable doubt whether the judgment óf conviction should or will stand, and that fair questions for appellate review are presented and that the defendant should therefore be released upon bail pending said review and said determination by the appellate court. Bail is fixed in the sum of $2,000. Submit order and certificate forthwith.