UNITED STATES, Appellee

v

JAMES F. PAYNE, Sergeant, U. S. Air Force, Appellant

19 USCMA 188, 41 CMR 188

No. 22,163

January 16, 1970

*Major William H. Seckinger* argued the cause for Appellant, Accused. With him on the brief was *Colonel Bertram Jacobson.*

*Lieutenant Colonel Robert W. Vayda* argued the cause for Appellee, United States. With him on the brief was *Colonel James M. Bumgarner.*

### Opinion of the Court

FERGUSON, Judge:

The accused was convicted of having committed a lewd and lascivious act on the body of a female under sixteen years of age, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge. Intermediate appellate authorities have affirmed the findings and sentence with-

188

out change. We granted review to consider whether the law officer erred by not granting the special instruction requested by the defense for basing a conviction upon uncorroborated testimony given by an alleged victim in a trial for a sexual offense, if the testimony was self-contradictory, uncertain, or improbable.

The incident allegedly occurred during a party at the house of the victim's parents. The ten-year-old victim testified that while the party was in progress the accused came into her bedroom where she slept with her two sisters. On the first occasion he spoke for a short time with her older sister who was looking out of the window at the time. The second and third times he came in he simply asked if everyone was asleep. When, on each occasion, she replied, "No," he left. The last time, he again asked whether everyone was asleep and, although awake, she did not reply. According to the victim, the accused pulled down her covers and her underwear and then placed his hand between her legs. When someone came upstairs, he pulled up the covers and acted as though he was leaving the room. When the person returned downstairs, the accused allegedly repeated the process. When someone called him, he replaced the covers and left the room. During the proceedings the accused, other than asking whether they were asleep, said nothing. When the party ended about 2:00 a.m., the victim and her younger sister, with whom she was sharing a bed at the time, went downstairs and talked with their mother and father. Since the sister was present she did not tell her parents of the incident, "Because she [the sister] usually tells people things." She told her parents about 6:00 p.m. that evening. Despite opportunities to relate her story earlier in the day she did not because she was scared, although she was unable to state why she was scared. In reply to inquiry by the law officer, she testified that she recognized the accused as the man who touched her by virtue of the fact that he was tall, by his hair-cut, and through his voice, when he inquired whether she was asleep.

On the merits, the accused denied committing the charged offense. He was in the bathroom on one occasion, when he became ill from the mixed drinks, and vomited. The presence of an ulcer caused his sickness, but otherwise he was all right. When he emerged from the bathroom, he heard someone call his name from the girls' bedroom. One of the girls complained of the noise so he went in and spoke with her. He either knelt on the floor by the bed or sat down on it. He is certain that he neither adjusted the covers nor touched her. When he emerged from the room, he met his wife and went downstairs. On an earlier visit to the bathroom, both the girls and the boys, from their respective bedrooms, were making noise. He stuck his head in the boys' room and told them to go to sleep. In the girls' room he saw one of the girls looking out of the window watching her dog in the yard below. He went in and looked out with her for a short time. When he and his wife left the party, the accused drove home. Evidence of good character and outstanding performance in his military duties were presented on behalf of the accused.

In an out-of-court hearing on instructions, defense counsel requested the law officer to give the following instruction:

"The court may draw its own conclusions as to the credibility of Karen Frederick as a witness and attach such weight to her evidence as her credibility may warrant. However, there are cases in which the court would not be warranted in accepting certain testimony as being sufficient to constitute a basis for a determination of guilt. For example, as in the case before this court today, a conviction cannot be based upon uncorroborated testimony given by an alleged victim in a trial for a sexual offense, if the testimony is self-contradictory, uncertain, or improbable.

"Cf. U. S. v Polak, 10 USCMA 13, 27 CMR 87(

"Also, U. S. v Baldwin, 10 USCMA 193, 27 CMR 267 (1959)."

The law officer denied the request without comment.

As defense counsel at trial told the members of the court-martial, in his opening statement, "this case involves an accusation which is easily made, hard to be proved, but even harder to be defended by the party accused, though innocent." Cf. paragraph 199a, Manual for Courts-Martial, United States, 1969; United States v Goodman, 13 USCMA 663, 667, 33 CMR 195. In his request for the instruction, defense counsel specifically called the law officer's attention to the provisions of paragraph 153a, Manual, supra, "Credibility of witnesses," the relevant portion of which is almost verbatim the same as the requested instruction. In addition, the cited Manual provision, in establishing rules of evidence regarding the testimony of witnesses, generally, and that of accomplices and victims of sexual offenses, in particular, states that:

". . . When appropriate, the above rules should, upon request by the defense, be included in the general instructions of the law officer or the president of a special court-martial."

In its "Analysis of Contents," the drafters of the new Manual, in referring to the rules set forth in paragraph 153a and a defense request for instructions, stated:

". . . Upon such a request, the determination of matters of the kind involved in these rules is ordinarily made by each member of the court in connection with his deliberation upon the findings. For example, if a rule so included in the general instructions involved a determination as to whether certain testimony is self-contradictory, adequately explained, uncorroborated, uncertain, or improbable or whether special standards applying to proof of falsity have been met, the members of

the court should also be instructed that such a determination is to be made by each member in connection with his deliberation upon the findings of guilt or innocence."

In the case at bar, the evidence was in equipoise, with the victim alleging that the offense occurred and the accused entering a denial under oath. There were no witnesses to the event. The younger sister who occupied a bed with the victim did not testify. The elder sister corroborated the accused's testimony that he entered the room, while she was looking out the window at her dog in the backyard, and spoke with her for a short while. Thereafter she went to sleep and did not awaken for the remainder of the night. The mere fact of opportunity to commit the offense (accused's admitted presence in the room at a later time) is hardly sufficient to corroborate the victim's testimony. See United States v Anderson, 14 USCMA 627, 34 CMR 407; United States v Bennington, 12 USCMA 565, 31 CMR 151. Cf. United States v Fioco, 10 USCMA 198, 27 CMR 272. And evidence of good character alone may be sufficient to provide a reasonable doubt as to guilt. United States v Sweeney, 14 USCMA 599, 34 CMR 379, and cases cited therein. In essence, the court-martial members were faced with a pure question of credibility. Whom to believe—the alleged victim or the accused. Cf. United States v Stephen, 15 USCMA 314, 35 CMR 286.

When defense counsel made his request for the instruction, the law officer was put on notice that the former believed the commission of the offense was at least improbable, thus requiring some corroboration, and that the issue was essential to a proper finding. United States v Winborn, 14 USCMA 277, 34 CMR 57; United States v Scoles, 14 USCMA 14, 33 CMR 226. As this Court said in United States v Goodman, supra, at page 668:

"Instructions in a prosecution for sexual crime are to be weighed with the utmost care, since in this class

of cases the accused is almost defenseless and ample opportunity is afforded for the free play of malice and private vengeance. He should be given the full measure of every legal right in an endeavor to maintain his innocence. People v Hubbell, 54 Cal App 2d 49, 128 P2d 579 (1942); People v Baldwin, 117 Cal 244, 49 Pac 186 (1897)."

In New York State, a person may not be convicted upon the testimony of a child under twelve years of age unless corroborated by other evidence. People v Smith, 6 Misc 2d 732, 167 NYS 2d 329 (1957). As the court said in *Smith*, at page 331:

". . . It has heretofore been held that children are capable of fabrication .inconceivable to the adult mind (People v Donohue, 114 App Div 830, 100 NYS 202). In State v Michael, 37 W Va 565, 569, 16 SE 803, 804, 19 LRA 605, the court said:

'it is far better that human justice should fail, and the guilty be left to the infallible justice of God, than that an innocent person should have his life destroyed, or be subjected to lasting torture and ignominy, by reason of the admission by a court of justice of an incompetent and wholly irresponsible witness. * * *'"

The question of whether the alleged victim's testimony was improbable is one of fact for the members of the court and, while in an ordinary case a general instruction on credibility of witnesses is sufficient, there is a class of cases and circumstances, including sexual offenses, in which cautionary advice is necessary. Paragraph 153*a*, Manual, supra. United States v Zeigler, 12 USCMA 604, 31 CMR 190. The Manual rule has the force of law. United States v Smith, 13 USCMA 105, 32 CMR 105.

In the case at bar, we believe that the state of the evidence was such as to raise a doubt whether the court, uninstructed on this issue, convicted the accused under the proper standard of law. United States v Thompson, 12 USCMA 438, 31 CMR 24. Where there is room for reasonable doubt, such doubt must be resolved in favor of the accused. United States v Sanders, 14 USCMA 524, 34 CMR 304; United States v Lombardi, 14 USCMA 466, 34 CMR 246; United States v McIntosh, 12 USCMA 474, 31 CMR 60.

We hold, therefore, that the law officer erred to the substantial prejudice of the accused by refusing to give the requested instruction.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge DARDEN concur.