**UNITED STATES, Appellee**

v.

**Wayne E. WAGNER, Specialist Four, U. S. Army, Appellant.**

No. 34,987.

CM 436041.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain Willard E. Nyman, III* (argued); *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain Buren R. Shields III, Captain James Recasner* (on brief); *Captain Julius Rothlein.*

For Appellee: *Major Michael B. Kennett* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller* (on brief).

FLETCHER, Chief Judge:

Pursuant to his pleas the appellant was found guilty of making two false official statements and of aggravated arson, in violation of Articles 107 and 126, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 926, respectively.[1] The court members sentenced him to a dishonorable discharge, confinement at hard labor for 10 years, total forfeitures and reduction to the grade of E–1. The convening authority approved the findings and the sentence, with the exception of confinement at hard labor in excess of 4 years, which was disapproved in

---

1. The appellant was also charged with conspiracy to make a false claim against the United States, in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881. This charge was dismissed by the convening authority prior to acceptance of pleas by the military judge as a part of the appellant's pretrial agreement. *See* para. 32*d*, Manual for Courts-Martial, United States, 1969 (Revised edition).

accordance with a pretrial agreement with the appellant. The United States Army Court of Military Review affirmed the findings and this sentence.

Prior to his pleas the appellant challenged his amenability to court-martial jurisdiction on the basis of a fraudulent enlistment brought about by recruiter misconduct.[2] The military judge denied his motion to dismiss after an evidentiary hearing on the factual allegations of recruiter misconduct made by the appellant. The Court of Military Review in addressing this same question of fact simply stated:

> We further find that the appellant did not disclose his probationary status or his conviction to his recruiters and the enlistment of the appellant was not based upon any recruiter misconduct.

The appellant before this Court seeks to overturn[3] his conviction on the ground that the Government failed to meet its burden of proof in establishing court-martial jurisdiction over his person.[4] The framing of the issue for review in these terms we find inappropriate. *See United States v. Little*, 1 M.J. 476, 477 (C.M.A.1976). A determination of whether the Government had met its burden of proof is a purely factual question within the province of the trier of fact and the Court of Military Review; we have ever been loath to interfere in the statutory exercise of this power by these bodies. *See United States v. Lowry*, 2 M.J. 55 (C.M.A. 1976). However, this Court may, within its own statutory powers, conduct a limited review of findings of fact to determine whether there is no substantial evidence in the record of trial to support them. *United States v. McCrary*, 1 U.S.C.M.A. 1, 3, 1 C.M.R. 1, 3 (1951). Moreover, in cases of

circumstantial evidence, this limited power of review embraces the capacity to pass on the reasonableness of inferences drawn by the fact finder, though in an objective sense without substituting ourselves in his proper place. *See United States v. O'Neal*, 1 U.S. C.M.A. 138, 2 C.M.R. 44 (1952).

In *United States v. Little, supra* at 477, this Court stated that our appellate role in review of a factual determination for a fraudulent enlistment issue[5] would be limited to an inquiry as to whether the evidence or record is legally sufficient to support the findings of fact of lower courts. In reviewing such findings of fact as a matter of law, this Court is bound by the conclusions of the lower court unless they are arbitrary and capricious so as to amount to an abuse of discretion. *See United States v. Little, supra* at 478 n. 4. *See also United States v. Baldwin*, 17 U.S.C.M.A. 72, 77, 32 C.M.R. 336, 341 (1967); *United States v. Wheatley*, 10 U.S.C.M.A. 537, 539, 28 C.M.R. 103, 105 (1959). By arbitrary and capricious we mean that there is no substantial evidence in the record of trial coupled with reasonable inferences which may be drawn therefrom to support the findings of fact. *See United States v. McCrary, supra* at 3, 1 C.M.R. at 3. Accordingly, in the fraudulent enlistment context, we will reverse the findings of fact by the lower courts where the allegations of an appellant are uncontested at trial and no other evidence of record supports a reasonable inference that recruiter misconduct did not occur. *See United States v. Little, supra; United States v. Burden*, 1 M.J. 89 (C.M.A. 1975).[6] From this limited perspective, we must now confront the record of trial of the appellant.

---

2. *United States v. Russo*, 1 M.J. 134 (C.M.A. 1975). *See also United States v. Valadez*, 5 M.J. 470, 475 (C.M.A.1978).

3. The appellant also attacks his conviction on the basis of an incomplete plea inquiry. *See United States v. King*, 3 M.J. 458 (C.M.A.1977).

4. *See United States v. Russo, supra* at 137.

5. This, of course, is not the approach the fact finder himself may take on this issue on account of his particular position in the criminal process. Nor should counsel be satisfied in

preparing his case at the trial level to simply meet this standard. *See United States v. McCrary*, 1 U.S.C.M.A. 1, 7, 1 C.M.R. 1, 7 (1951).

6. *See also United States v. Carmichael*, 21 U.S. C.M.A. 530, 533, 45 C.M.R. 304, 307 (1972); *United States v. Phifer*, 18 U.S.C.M.A. 508, 510–11, 40 C.M.R. 220, 222–23 (1969); *United States v. Smith*, 17 U.S.C.M.A. 427, 430, 38 C.M.R. 225, 228 (1968).

In the present case the Government offered no direct evidence to rebut the specific assertions of the appellant that a recruiter, Sergeant Craig, was informed of his disqualifications for enlistment, assisted him in fraudulently completing his application for enlistment (DD Form 1966–June 1975) and counseled him to further conceal during the enlistment process his civilian conviction for grand larceny and probation. However, the Government did attempt to disprove these assertions inferentially by means of circumstantial evidence. *See* para. 138*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). More particularly, the Government attacked the appellant's testimony as incredible and inherently improbable by cross examination and testimony of a second recruiter, Sergeant Corker. It must be noted that the testimony of the latter recruiter was limited to his vague remembrances of some participation in the recruiting process of the appellant, though he did receive administrative credit for the appellant's enlistment. He testified that there was no personal involvement on his part in any recruiter fraud with the appellant; nor any need on his part to fraudulently recruit people to meet his enlistment quota. He further related the normal course of recruiter practice at the station where he and Sergeant Craig worked. Sergeant Craig, for some unexplained reason, did not testify at trial.

As to the testimony of the appellant, it was disclosed that the appellant received an honorable discharge from the United States Navy prior to this enlistment and brought his discharge papers to the recruiting station. Furthermore, when taking the stand on redirect testimony after Sergeant Corker, the appellant did admit, contrary to his earlier testimony, that he had talked at some stage of the recruiting process to Sergeant Corker, but he still stated that he did not reveal his disqualifications to him. Further evidence was adduced from the appellant as to his knowledge of the legal effect of his testimony in terms of dismissal of the military charges against him.

The military judge, in denying this motion, indicated several factors which he deemed sufficient to warrant a factual finding of an absence of recruiter misconduct. First, he noted that the appellant changed his testimony with respect to the nature of his contact with Sergeant Corker during the recruiting process. We note that the appellant's qualification of his earlier testimony was on a point unrelated to his assertions of specific disclosures to Sergeant Craig at a later date in time. Second, the military judge cited the appellant's honorable discharge as some evidence that a recruiter would not be suspicious of criminal activity by an enlistee and accordingly would make no investigation to that effect. The validity and the relevancy of such a conclusion is suspect where the evidence of record is unrebutted that disclosure was made to a specific individual in the recruiting process. The military judge further relied on the fact that a waiver for these disqualifications could have been secured, thus indicating that the recruiters were not notified of them. As conceded by both parties to this appeal, these disqualifications could not be waived. Fourth, he further recognized that as to testimony before him both the appellant and the recruiter had equal motivation to falsity their testimony in this case. We must point out that there is no conflict in testimony between the appellant and Sergeant Corker on the issue of recruiter fraud by Sergeant Craig which requires a comparative credibility assessment by the military judge. *See United States v. Stewart*, 1 U.S.C.M.A. 648, 5 C.M.R. 76 (1952). Sergeant Corker could not and did not testify on this particular issue nor was Sergeant Craig called to contest the assertion of recruiter misconduct made by the appellant against him. The military judge also cited the conviction of the appellant for grand larceny as affecting his credibility on this factual issue. *See* para. 153*b* (2)(b), Manual, *supra*. Indeed, that is a reasonable observation, but standing alone it can hardly be deemed so substantial as to render this specific unrebutted testimony inherently incredible or improbable. Finally, the military judge stated:

There's the testimony of the recruiter, here, who says, "I recruited him, and I filled out the initial card, and I naturally had to go to records to refresh my memory, and then I remember his wife."

Let it be simply said again that Sergeant Corker's testimony as to his part in the appellant's enlistment is irrelevant on its face as to what transpired between the appellant and Sergeant Craig. Appellate Exhibit II shows unmistakenly that Sergeant Craig, not Sergeant Corker, assisted the appellant in filling out this enlistment form with respect to previous convictions and probation, the critical issue on this motion.

Our question for review as earlier indicated is now narrowed to a specific inquiry as to whether the circumstantial evidence and the inferences drawn therefrom are sufficient as a matter of law to support the finding of no recruiter misconduct by the military judge and the Court of Military Review. In view of the specific unrebutted assertion of recruiter misconduct by the appellant, the uncontested existence of the recruiting disqualifications and the documentary evidence of Sergeant Craig's participation in the crucial part of the recruiting process, we find no sufficient or competent evidence in this record to support as a matter of law the challenged finding of fact. *See United States v. Burden, supra.* Moreover, we cannot draw any reasonable inferences on our own from the evidence presented in this case, nor do we accept as reasonable those drawn by the military judge that the appellant fabricated his testimony and accordingly recruiter misconduct did not occur in this case. *See United States v. O'Neal, supra.* Viewing this evidence in the light most favorable to the Government but also with a grain of reason in an objective manner, we find only suspicion, conjecture and speculation to support this finding of fact. A finding of fact

cannot stand on such legally deficient evidence which in our minds amounts under these circumstances to no evidence at all.[7]

The holding in this case establishes no new rule of appellate review nor is it intended to discourage vigorous litigation of factual issues concerning recruiter misconduct in jurisdiction motions even absent the presence of the challenged recruiter. However, the object of these proceedings should be to arrive at the truth of the matter litigated by producing relevant evidence, direct or circumstantial, by itself or as a basis for reasonable inferences which will allow the trier of fact to decide the pertinent factual issue.

Our resolution of the aforementioned question of law makes it unnecessary to resolve the other issue of law granted for review in this case.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside.

Judge PERRY * concurs in the result.

COOK, Judge (dissenting):

The majority rejects the trial judge's finding of no recruiter misconduct as a matter of law because the Government presented no evidence directly contradicting the testimony of the appellant. However, a judge is not required, as a matter of law, to believe an accused; his testimony can be weighed in the same manner as any other witness. *United States v. Nash*, 5 U.S.C.M.A. 550, 18 C.M.R. 174 (1955); *United States v. Whitley*, 3 U.S.C.M.A. 639, 14 C.M.R. 57 (1954); *United States v. Doyle*, 3 U.S.C.M.A. 585, 14 C.M.R. 3 (1954).

Appellant asserted that he answered in the negative a question on his application for enlistment as to the existence of a civilian criminal conviction. He maintained he

---

7. *United States v. Papenheim*, 19 U.S.C.M.A. 203, 205, 41 C.M.R. 203, 205 (1970); *United States v. Dickenson*, 6 U.S.C.M.A. 438, 456, 20 C.M.R. 154, 172 (1955); *United States v. O'Neal*, 1 U.S.C.M.A. 138, 143, 2 C.M.R. 44, 49 (1952).

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

was told to do so by Sergeant First Class Craig, the recruiter who processed his enlistment. On cross-examination, however, he conceded he concealed the fact that he had been convicted until he "got in trouble" in the military, and he was aware that he might benefit from his concealment. He also represented in his testimony that he never talked to Staff Sergeant Corker in regard to his enlistment; but after Sergeant Corker testified to the contrary, he again took the stand, this time to say he did have some conversation with Corker, but he did not discuss his enlistment. Could not the trial judge believe that the accused lied as to his relationship with Corker; and believing that, could he not conclude that appellant had also lied as to his discussion with Sergeant Craig? I believe he could.

As I view the evidence, the military judge was presented with a simple issue of credibility. *United States v. Polak*, 10 U.S. C.M.A. 13, 27 C.M.R. 87 (1958). *See United States v. Lowry*, 2 M.J. 55, 58 (C.M.A.1976). Although the Government did not present testimony directly contradicting the appellant on the critical point of why he lied on his formal enlistment application, the appellant conceded he had been convicted of grand larceny before he entered the service; after first categorically denying having anything to do with Sergeant Corker in the enlistment process, he conceded he had talked to him in the course thereof; he conceded he had lied to numerous persons to conceal the fact that he had been convicted by a civilian court; and, finally, he admitted the conviction only when he concluded he would benefit from the disclosure. Under the circumstances, I have no doubt the trial judge could reject appellant's testimony, and conclude, as he did, that no recruiter misconduct tainted appellant's enlistment.

The remaining assignment of error questions whether the military judge complied with the requirements of *United States v. King*, 3 M.J. 458 (C.M.A.1977) and *United States v. Green*, 1 M.J. 453 (C.M.A.1976). I am satisfied that the providency inquiry was sufficient. I would affirm the decision of the Court of Military Review.